**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TEXAS FARM BUREAU § | | |
| MANAGEMENT CORPORATION, as § | | |
| Attorney in Fact for TEXAS FARM § | | |
| BUREAU UNDERWRITERS, § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| SUAREZ CORPORATION § | | |
| INDUSTRIES a/k/a SCI DIRECT, LLC, § | | |
|     Defendant § | JURY TRIAL DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW Texas Farm Bureau Management Corporation, as Attorney in Fact for Texas Farm Bureau Underwriters (hereinafter referred to as "Plaintiff") complaining of Suarez Corporation Industries a/k/a SCI Direct, LLC, a corporation (hereinafter referred to as "Defendant"), a corporate citizen of Ohio, and for cause of action would show the Court as follows, through this Original Complaint:

**A. <u>JURISDICTION, VENUE & PARTIES</u>**

    1.    Plaintiff is a insurance company located in McLennan County, Texas.  Plaintiff is a resident citizen of the State of Texas.  Plaintiff succeeds to the rights of its subrogor, Temple Bolt (hereinafter "Bolt"), to whom Plaintiff paid sums of money under the policy of insurance she had with Plaintiff.

    2.    Defendant Suarez Corporation Industries (hereinafter "Suarez" or "Defendant") is an Ohio corporation and a citizen of that state with its principal office located at 7800 Whipple Avenue N.W., North Canton, Ohio 44720.  Defendant does not have a registered agent for service of process

in the State of Texas. Service of process on Defendant may be made according to the laws of the State of Texas by serving the Secretary of State of Texas if said Defendant fails to waive service of process. Defendant may be served with process by serving its general manager or other person in charge of the corporate headquarters authorized by said Defendant to receive legal notices.

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  The Defendant is a corporate citizen of the State of Ohio where it sells EdenPURE infrared space heaters, including sales in the State of Texas.  Plaintiff's subrogor, Temple Bolt, is a resident citizen of Canton, Van Zandt County, Texas. She purchased one of Defendant's products, which was delivered to her in Texas.

4. Venue for this action lies in the Eastern District of Texas and Tyler Division in that all the events which gave rise to this claim occurred and accrued in Van Zandt County which is within the boundaries of the Tyler Division pursuant to 28  U.S.C. §124.  Further, because the events constituting the basis of this suit occurred in Van Zandt County, Texas, venue is appropriate in the Eastern District of Texas, Tyler Division pursuant to 28 U.S.C. §1391.

## B. FACTS

5. Mrs. Temple Bolt (hereinafter "Plaintiff's subrogor", "subrogor" or "Bolt") was the owner of that certain residence located at 2302 Country Club Drive, Canton, Van Zandt County, Texas. At the time this cause of action accrued on or about December 27, 2010, she owned the house. This lawsuit results from damages caused by an EdenPURE infrared space heater, model 1000XL which Bolt purchased directly from Defendant.  Defendant advertised that the heater was manufactured in the United States and advertised the EdenPURE in national publications such as Sunday magazine supplements inserted in Sunday newspapers throughout the United States, including

including the State of Texas. The heaters, once ordered directly from Defendant, were sent directly to the purchasers.

6. On the day of the fire in issue, Bolt awoke to her smoke alarm late at night and entering her living room/den, discovered the space heater on fire. Although the Canton Fire Department responded, the house was a total loss.

## FIRST CAUSE OF ACTION

### C. STRICT LIABILITY FOR DESIGN, MANUFACTURE AND/OR MARKETING OF A DEFECTIVE PRODUCT

7. The EdenPURE heater was defectively marketed because Defendant SCI failed to warn Plaintiff's subrogor, Bolt, of the hazards associated with the heater not having (1) sufficient thermal protection and (2) an over-heating protection safety device, and thus the heater was improperly designed, manufactured, advertised, sold and distributed without warnings to consumers such as Bolt of the likelihood that the heater could overheat.

8. The defective design, manufacture and/or marketing of the heater, separately or in combination, was a producing cause of Plaintiff's damages.

9. The damages to Plaintiff set forth in this Petition were caused by the defective condition of the heater which was not reasonably safe for its intended use and therefore unreasonably dangerous to users and consumers in general, and Plaintiff's subrogor, in particular, which defective condition existed at the time that Defendant SCI manufactured and distributed this product in the stream of commerce, thereby imposing strict liability under Texas law based upon the following:

    a. That SCI distributed the heater in the regular course of its business and that the heater was expected to, and did reach, Bolt without substantial change in its condition;

    b.    That SCI knew that the heater would be used, without inspection for defects in the unit, and, by placing it in the stream of commerce, represented that it would safely perform as intended;

    c.    That said heater was unsafe for its intended use by reason of the defects in design, manufacturing and/or marketing;

    d.    That at the time the aforesaid heater was manufactured and distributed, it was, in fact, defective and not fit for the normal and intended use to which it was thereafter subjected;

    e.    The effect of the defective condition of the heater was such as to expose Bolt to the type of harm and damages which occurred;

    f.    Plaintiff's subrogor was unaware of the defects in the heater which made it unsafe for its intended use; and

    g.    Defendant not only knew, or should have known, that its 1000 model of EdenPURE was defectively designed and manufactured, but it nevertheless sold and distributed the products to unsuspecting consumers, while continuing to advertise the heater as being safe.

10.    Defendant SCI violated its duties imposed under the doctrine of strict liability and tort, in placing upon the market a heater in a defective condition which was not reasonably safe for its intended use, such act being a producing cause of the damages sustained by Plaintiff. Moreover, there was a reasonably safer and technical and economical alternative to the design of the EdenPURE heater as finally incorporated into the heater, namely, SCI could have provided an over-heating protection device including adding greater thermal protection to the wiring and conductors.

## SECOND CAUSE OF ACTION

## D. NEGLIGENCE AND GROSS NEGLIGENCE

11. Plaintiff shows that Defendant SCI had a duty to manufacture a heater without defects which could endanger the property itself and the person operating the machine.

12. SCI was negligent in one or more of the following respects:

   a. Manufacturing and distributing the heater in a defective and unsafe condition;

   b. Failing to properly and reasonably manufacture and distribute the heater which would be reasonably safe for use by consumers;

   c. Manufacturing and distributing the heater without incorporating therein the state of the industry and the state of the art in science and engineering for protection from over-heating and fire;

   d. In failing to provide adequate warnings about the risk of the heater over-heating or catching fire;

   e. In failing to apply and provide adequate safety technology to reduce the risk of malfunction; and

   f. It was foreseeable that a failure to incorporate an over-heating protection feature and thermal protection could result in damage to the product through fire.

13. Defendant SCI was under a duty to manufacture and market a product which would be operable in a safe manner without risk to the product or the operator;

14. Defendant SCI breached the duty when the heater caught fire destroying it and Bolt's house and contents therein;

15. Defendant had a duty to sell heaters which were safe for their intended use. Defendant

breached that duty by selling defective heaters and was negligent further in failing to notify its consumers of prior incidents of heaters melting, over-heating or catching fire.

16.     Bolt and, ultimately, Plaintiff, suffered injury through the loss of Bolt's house and contents.

17.     The heater in issue was introduced into the stream of commerce in the State of Texas.

18.     Plaintiff alleges that Defendant manufactured and marketed said heater and the acts and omissions on the part of the Defendant were a producing and proximate cause, collectively and severally, of Plaintiff's damages and losses. Accordingly, Defendant is liable for negligence to Plaintiff in damages for such losses as alleged herein.

19.     Defendant, knowing of the prior incidents of its heaters melting, over-heating and igniting, was reckless and indifferent to its consumers and should be held liable for grossly negligent failure to warn.  This is established, in part, by articles published in Consumer Reports, Costco's national recall campaign of the product, the plethora of consumer complaints about the product relating to overheating and melting, and lawsuits such as the *Earl Henning v. Suarez* case filed in federal court in Pennsylvania, plus other facts.

20.     All conditions precedent have been performed or have occurred.

### E. DAMAGES

21.     Plaintiff sues for damages in the following amounts:

| | |
|---|---|
| (a) House- | $163,769.98 |
| (b) Contents- | 66,278.35 |
| (c) Assisted Living Expenses | 2,500.00 |
| TOTAL: | $232,548.33 |

## **PRAYER**

22. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a. Actual damages of $232,548.33;

    b. Pre-judgment and post-judgment interest;

    c. Costs of suit;

    d. All other relief the Court deems appropriate.

23. Plaintiff asserts its right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

LAW OFFICES OF ROBERT L. MCHANEY
P.O. Box 20756.
Waco, Texas 76702-0756
(254) 420-1453
(254) 420-2631 (Facsimile)
E-mail: bobmchaney@att.net

 /s/ Robert L. McHaney, Jr.
ROBERT L. MCHANEY, JR.
Texas Bar No. 13670200

 /s/ John K. Dunlap
JOHN K. DUNLAP
Texas Bar No. 06235300
BYRNE, CARDENAS & ARIS, LLP
7557 Rambler Road, Suite 1400
Dallas, Texas 75231
(972) 371-5250
(972) 371-5270 (Facsimile)
E-mail: jdunlap@bcallp.net

**ATTORNEYS FOR TEXAS FARM BUREAU MANAGEMENT CORPORATION, as Attorney in Fact for TEXAS FARM BUREAU UNDERWRITERS**